UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| WISCONSIN SHEET METAL WORKERS HEALTH AND BENEFIT FUND, RETIREMENT PLAN FOR EMPLOYEES REPRESENTED BY SHEET METAL WORKERS LOCAL UNION 18, SHEET METAL WORKERS LOCAL #18 TRAINING FUND, and SCOTT KNOCKE, *in his capacity as Trustee*, | Case No. 23-CV-1675-JPS |
| Plaintiffs, | |
| v. | **ORDER** |
| TOTAL HEATING AND COOLING, LLC, | |
| Defendant. | |

**1.     BACKGROUND**

On December 14, 2023, Plaintiffs Wisconsin Sheet Metal Workers Health and Benefit Fund, Retirement Plan for Employees Represented by Sheet Metal Workers Local Union 18, and Sheet Metal Workers Local #18 Training Fund (collectively, the "Funds"), together with Scott Knocke in his capacity as Trustee (collectively, "Plaintiffs"), brought this action against Defendant Total Heating and Cooling, LLC ("Defendant"). ECF No. 1. According to Plaintiffs, the Funds are "employee benefit plans" under the Employee Retirement and Security Act of 1974 ("ERISA"). *Id.* at 2. Plaintiffs allege that Defendant violated ERISA, specifically, 29 U.S.C. §§ 1132 and 1145, by failing to pay due and owing contributions to the Funds. *Id.* at 4– 5. Plaintiffs further allege that Defendant has violated its "statutory and

contractual obligations" by "refus[ing] to allow access to the Funds' auditor to determine whether Defendant has made its required payments." *Id.* at 2–3. In addition to requesting unpaid contributions, interest, and liquidated damages owed to the Funds, Plaintiffs ask the Court to direct Defendant to fully submit to an audit of Defendant's books and records for the audit period of February 1, 2023 through the present. *Id.* at 5.

Plaintiffs served Defendant on January 25, 2024. ECF No. 4 at 1. Defendant neither appeared nor filed a responsive pleading. Thereafter, on March 1, 2024, Plaintiffs requested that the Clerk of Court enter default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 5. The Clerk of Court entered default on March 4, 2024.

Now before the Court is Plaintiffs' motion pursuant to Rule 55(b)(2), titled "Motion for Entry of Injunctive Relief." ECF No. 6 at 1 (capitalization omitted). Therein, Plaintiffs seek "an order requiring Defendant to submit to an audit and [also] seek[] any unpaid contributions, interest and liquidated damages revealed by said audit, along with reasonable attorney's fees and costs." *Id.* at 1. Defendant has not responded to Plaintiffs' motion, and the time to do so has expired. Civ. L.R. 7(b). Thus, the Court will treat Plaintiffs' motion as unopposed. Civ. L.R. 7(d).[1]

---

[1] It is not clear that the motion was served on Defendant. However, Rule 55(b)(2) only requires service "[i]f the party against whom a default judgment is sought has appeared personally or by a representative." Nonetheless, it is this Court's usual practice to order service of motions for default judgment and, as noted below, it will do so in this case going forward. *See Roor Int'l BV & Stream, Inc. v. Armitage Pulaski, Inc.*, No. 19-cv-5028, 2024 WL 1215718, at *3 (N.D. Ill. Mar. 21, 2024) (noting that Rule 55(b)(2) does not require notice when "defendant had not appeared in this suit at the time plaintiffs' motion for default judgment was filed," but that some courts "impose[] stricter requirements than the Federal Rules" as to service) (citing *S.J. Groves & Sons Co.*, 842 F.2d at 168–70 (7th Cir. 1988) and quoting *Roor Int'l BV v. Mutual Traders, LLC*, No. 19-CV-5604, 2023 WL 2789325, at *3 (N.D. Ill. Apr. 5, 2023)).

2.   **LEGAL STANDARD**

Because the Clerk of Court has entered default against Defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). Nevertheless, Plaintiffs bear the responsibility to prove up their damages under Rule 55(b)(2). Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations and quotations omitted).

Default judgment may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (citation and quotations omitted). Thus, even if default judgment is warranted as to liability, courts may defer entry of default judgment in order to "allow Plaintiffs to file a subsequent motion for the entry of default judgment that also contains evidence to support the damages they seek." *Trustees of Loc. Union 531, I.B.E.W. & N.E.C.A. Pension Fund v. Hoosier Commc'ns LLC*, No. 3:22-CV-1016 JD, 2023 WL 3436907, at *3 (N.D. Ind. Apr. 3, 2023).

3.   **ANALYSIS**

   3.1   **Plaintiffs' Request for Injunctive Relief**

Based on the allegations in Plaintiffs' complaint, the Court finds Defendant liable for violations of ERISA.[2] Plaintiffs plead that Defendant

---

[2] To the extent that Plaintiffs' proposed order references other standalone claims for violations of the Labor-Management Relations Act of 1947 and of the

has failed to make payments to the Funds required by the collective bargaining agreements. *See Bldg. Trades United Pension Tr. Fund v. Surh Title Co.*, No. 15-cv-185-PP, 2015 WL 3490208, at *2 (E.D. Wis. June 2, 2015). (finding ERISA liability based on the same allegations); *see also Wisconsin Laborers Health Fund v. KCM Excavation & Landscaping, LLC*, No. 13-C-1366, 2014 WL 1347489, at *1 (E.D. Wis. Apr. 3, 2014) (same).

In their complaint and in their proposed order, Plaintiffs request that the Court order Defendant to submit to an audit covering the period from February 1, 2023 through the present ECF No. 6-1 at 1; ECF No. 1 at 2. In their proposed order, Plaintiffs further request that Defendant submit its books and records to the Funds' designated representative within ten (10) days of the date of this Order. ECF No. 6-1 at 2.

Pursuant to § 1132(a)(3)(B), a civil action may be brought "to obtain . . . appropriate equitable relief (i) to redress . . . violations . . . [of] any provision of this subchapter or the terms of the plan . . . or (ii) to enforce any provisions of this title or the terms of the plan." Equitable relief under § 1132(a)(3) "includes 'categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages).'" *Health Cost Controls v. Skinner*, 44 F.3d 535, 538 n.7 (7th Cir. 1995) (quoting *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256 (1993)). Therefore, the Court will grant Plaintiffs' request for equitable relief in the form of an injunction and order that Defendant submit to an audit of its

---

collective bargaining agreements, the Court declines to assess liability for these claims, as the complaint pleads only a claim for violations of ERISA. *Compare* ECF No. 1 at 4–5, *with* ECF No. 6-1 at 1; *see also Wisconsin Sheet Metal Workers Health & Ben. Fund v. CJ Contracting, LLC*, No. 13-C-991, 2013 WL 5936344, at *1 (E.D. Wis. Nov. 5, 2013) ("[D]efault judgment as to liability under the LMRA and the collective bargaining agreement is denied because no such claims are alleged in the Complaint.").

books and records for the period from February 1, 2023 through the date of this Order. *See Bldg. Trades United Pension Tr. Fund v. Surh Title Co.*, No. 15-cv-185-PP, 2015 WL 3490208, at *1 (E.D. Wis. June 2, 2015). Such audit shall be conducted by Plaintiffs' designated representative. However, to obviate the need for any future extensions, the Court orders Defendant to submit to an audit within thirty (30) days of this Order. The audit shall cover the period from February 1, 2023 to the date of this Order.

### 3.2 Plaintiffs' Request for Damages

Next, the Court addresses Plaintiffs' request for "any unpaid contributions, interest and liquidated damages revealed by [the] audit, along with reasonable attorney's fees and costs." ECF No. 6 at 1. However, in Plaintiffs' proposed order, they ask the Court to order Plaintiffs to "submit a motion for default judgment within thirty (30) days of completion of the audit" and to thereafter "enter judgment . . . to include all contributions, interest and liquidated damages due to Plaintiffs as reported by the auditor, along with Plaintiffs' costs and attorney's fees." ECF No. 6-1 at 2.

To be sure, Plaintiffs have established Defendant's liability. Yet, under Rule 55(b)(2), Plaintiffs must "prove up" the amounts that Defendant owes to the Funds. Therefore, at this juncture, the Court will deny Plaintiff's request for default judgment without prejudice. *See Raines v. Steel Rock Com., LLC*, File No. 20-cv-2124 (ECT/KMM), 2020 WL 8256372, at *3 (D. Minn. Dec. 21, 2020) (granting the plaintiffs' motion for an injunction and instructing them to file and serve a motion seeking default judgment at the conclusion of an audit of the defendant's records). Plaintiffs may file another motion for default judgment within thirty (30) days of the completion of the audit. Thereafter, the Court will assess the amount of

Page 5 of 6
Case 2:23-cv-01675-JPS    Filed 04/02/24    Page 5 of 6    Document 8

unpaid contributions, interest, liquidated damages, and attorney's fees and costs that Defendant owes to Plaintiffs and will enter judgment accordingly. As noted above, *see supra* note 1, such a motion must be accompanied by a certificate of service.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for entry of injunctive relief, ECF No. 6, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that, within **thirty (30) days of this Order**, Defendant shall submit to an audit of its books and records for the period from February 1, 2023 through the date of this Order; such audit shall be conducted by Plaintiffs' designated representative;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for default judgment, ECF No. 6, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that, within **thirty (30) days of the completion of the audit,** Plaintiffs may file a motion for default judgment, together with a certificate of service of the motion on Defendant, with an accounting of the unpaid contributions, interest and liquidated damages revealed by the audit, along with reasonable attorney's fees and costs that Defendant owes to Plaintiffs.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 6 of 6

Case 2:23-cv-01675-JPS   Filed 04/02/24   Page 6 of 6   Document 8